# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ST. LUKE SIMPSON UNITED METHODIST CHURCH, INC. | : | DOCKET NO. 06-1126 |
| VS. | : | JUDGE MINALDI |
| JARVIS PAINTING, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand [doc. # 14].[1]

This matter was removed to federal court by defendant, Jarvis Painting, Inc. d/b/a Jarvis Construction, on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff seeks remand because Jarvis's co-defendant, State Farm, did not timely consent to removal. Following a delay for briefing, the matter is now before the court.

### Discussion

In the Fifth Circuit, the rule is that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b). *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996)(citing, *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)). Failure to do so, renders the removal defective. *Getty Oil*, 841 F.2d at 1263. While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

and to have the authority to do so, that it has actually consented to such action." *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002)(quoting, Getty, supra). The joinder or consent to removal by all served defendants must be effected within 30 days after the first defendant was served. *Getty Oil*, 841 F.2d at 1263.

Here, removing defendant concedes that service was perfected on both defendants on June 6, 2006. (Opp. Memo. fn 1). Accordingly, both defendants needed to join in, or consent to removal by July 6, 2006. State Farm did not join in the removal, and the only other document of record that could be construed as a consent to removal is dated August 8, 2006. (Opp. Memo., Exh. A). Thus, State Farm did not timely consent to removal. *See*, *Getty Oil, supra*.

Counsel for removing defendant argues that his failure to timely secure State Farm's consent should be excused because of his inability to ascertain the identity of State Farm's counsel. However, removal statutes are to be strictly construed against removal and in favor of remand. *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996). Moreover, all defendants share responsibility for ensuring a timely removal. *See, Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). In the case *sub judice*, there is no indication that counsel for State Farm was unable to ascertain the identity of Jarvis's counsel. Rather, as recently as July 24, 2006, counsel for State Farm opposed removal. (M/Remand, Exh. A).

Plaintiff further seeks the award of costs, expenses, and fees incurred as a result of the removal. 28 U.S.C. § 1447. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447©. "Absent unusual circumstances, courts may award attorney's fees under § 1447© only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* ___ U.S. ___, 126 S.Ct. 704 (2005)

Here, although the removal was procedurally deficient, we appear to enjoy subject matter jurisdiction. 28 U.S.C. § 1332. When the notice of removal was filed the time for obtaining consent had not expired. Moreover, a failure to timely consent to removal is a procedural defect in the removal process. *See, Getty Oil, supra.* As such, it was subject to waiver if not raised by plaintiff within 30 days of removal. *Tunica-Biloxi Indians of Louisiana v. Pecot,* 248 F.Supp.2d 576, 581 (W.D. La. 2003). Pending before the court are other cases where plaintiffs have failed (either by design or ignorance) to timely raise this defect. *See e.g., Tunica-Biloxi Indians of Louisiana, supra*. Thus, we cannot conclude that defendants lacked "objectively reasonable" grounds to remove the case.

Nevertheless, the Fifth Circuit has recently recognized that a component of "costs" under § 1447(c) are the costs assessable under Fed.R.Civ.P. 54(d)(1)). *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). Rule 54(d)(1) costs are not subject to the objective reasonableness test. *Id*. Rather, they "shall be allowed as of course to the prevailing party . . ." Fed.R.Civ.P. 54(d)(1). Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). Removing defendant has not overcome this presumption.

In sum, the undersigned finds that all defendants did not timely join in, or consent to removal. *Getty Oil, supra.* This omission was timely raised by plaintiff, and renders removal improvident. Remand is required. 28 U.S.C. § 1447(c). Accordingly,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. #14] be GRANTED.

IT IS FURTHER RECOMMENDED that Fed.R.Civ.P. 54(d)(1) costs be assessed against

3

the removing defendant. 28 U.S.C. § 1447(c ).[2]

IT IS FURTHER RECOMMENDED that movant's requests for costs, expenses, and fees be otherwise DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 30, 2006.

/s/ Alonzo P. Wilson
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The costs are limited to those incurred in federal court that would not have been incurred had the case remained in state court. *Avitts v. Amoco Production Co.* 111 F.3d 30, 32 (5th Cir. 1997). The costs are as specified in 28 U.S.C. § 1920. The amount of costs shall be determined by the Clerk of Court in the first instance. LR 54.3. An interactive version of AO Form 133 "Bill of Costs" can be found on the court's website: http://www.lawd.uscourts.gov/.